UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN R. DUNAY,

        Petitioner,

  v.                                    Case No. 22-cv-543-pp

CHERYL EPLETT,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1), REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (DKT NO. 5)**

---

On May 5, 2022, the petitioner, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his conviction for sexual exploitation of a child, child enticement, causing a child to view sexual activity and causing a child to expose intimate parts. Dkt. No. 1. He has paid the $5.00 filing fee. On June 22, 2022, the court received from the petitioner a motion asking the court to appoint him counsel. Dkt. No. 5. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond. The court denies without prejudice the motion to appoint counsel.

1

## I. Procedural Background

The petition refers to State v. Dunay, Outgamie County Case No. 2015CF000470 (available at https://wcca.wicourts.gov). The court has reviewed the publicly available docket for that case. It reflects that on June 26, 2015, the State of Wisconsin filed a criminal complaint against the petitioner. Id. On December 1, 2017, the petitioner pleaded no contest to child sexual exploitation, child enticement, causing a child to view sexual activity and exposing genitals/pubic area/intimate parts to a child. Id. On March 8, 2018, the state court sentenced the petitioner to twelve years of initial confinement followed by twenty years of extended supervision.[1] Id. The court entered judgment on March 9, 2018. Id. On March 26, 2018, the petitioner filed his notice of intent to pursue post-conviction relief. Id. On September 11, 2019, the circuit court denied the petitioner's post-conviction motions. Id. On March 23, 2021, the Wisconsin Court of Appeals affirmed the circuit court's order. Id.; Dkt. No. 1-1 at 9. On May 18, 2021, the Wisconsin Supreme Court denied the petition for review. Id.; Dkt. No. 1-1 at 16.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

---

[1] The publicly available docket also indicates that on June 21, 2018, the state court twice found the petitioner in contempt and ordered him to serve sixty days consecutive to any other sentence. See Dunay, Outagamie County Case No. 2015CF000470 (available at https://wcca.wicourts.gov).

notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust

3

the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petition asserts a single ground for relief: that the petitioner was deprived of his due process right to an impartial court when the court denied the petitioner's motion for recusal from the petitioner's post-conviction motions. Dkt. No. 1 at 6-8. The petitioner asserts that the State accused him of making "vengeful" remarks in recorded jail calls against the judge who had presided over his change-of-plea hearing, but that that same judge refused to recuse himself and presided over hearings involving the charges stemming from the alleged threats. Id. The petitioner has raised a ground generally cognizable on federal *habeas* review. See Suh v. Pierce, 630 F.3d 685, 691 (7th Cir. 2011) (considering a due process claim on *habeas* review for a failure to recuse).

It appears that the petitioner timely filed the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d). The Wisconsin Supreme Court denied the petitioner's petition for review on May 18, 2021; his conviction appears to have become final ninety days later, on August 16, 2021. See United States Supreme Court Rule 13. The petitioner filed this federal *habeas* petition on May 5, 2022, less than one year later.

At this early stage, the court has not reviewed the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, so it is premature for the court to make a definitive determination on whether the petitioner has properly exhausted his ground for *habeas* relief. Further, any failure to exhaust would result in procedural default—an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004). The court notes, however, that the petitioner states that he has filed a Knight petition[2] in state court, arguing that

---

[2] State v. Knight, 168 Wis.2d 509 (Wis. 1992), holding that a claim of ineffective assistance of counsel must be brought through a petition for *habeas corpus* filed in the court of appeals.

5

his appellate counsel was ineffective for failing to raise meritorious issues, making poor arguments and failing to make legal arguments. Dkt. No. 1 at 6. It appears that this Knight petition may still be pending. The petitioner should be aware that the federal *habeas* statute says that a district court cannot consider a federal *habeas* petition if the legality of the petitioner's detention already has been determined in a prior federal *habeas* petition. 28 U.S.C. §2244(a). The statute requires a district court to dismiss a "second or successive" federal *habeas* petition unless the petitioner can show that he has obtained permission to file it from the relevant court of appeals—in this case, the Seventh Circuit Court of Appeals. 28 U.S.C. §2244(b)(3). The court raises this point because if it decides this *habeas* petition and the petitioner subsequently receives an unfavorable decision on his Knight petition and wishes to collaterally attack that result, he will be required to obtain the permission of the Seventh Circuit Court of Appeals before he can file a second *habeas* petition.

If the petitioner believes he may wish to seek *habeas* relief related to the outcome of his Knight petition and would like to bring that claim in this petition, he can ask this court to stay the proceedings in this *habeas* case until he has exhausted the claims he raised in the Knight petition. If he makes that request (in writing, by motion), the court will administratively close this *habeas* case—preserving the filing date—until the petitioner notifies the court that he is ready to proceed.

### III. Motion for Appointment of Counsel (Dkt. No. 5)

The petitioner says that he needs counsel to litigate his *habeas* claim because the case is sufficiently complex and is likely to require an evidentiary hearing. Dkt. No. 5 at 1. The petitioner argues that Oshkosh Correctional Institution does not have an adequate law library and does not provide him sufficient time to conduct legal research and prepare his motions and briefs in a timely manner. Id. at 1-2. The petitioner explains that he has "multiple ongoing legal issues, which will prevent him from giving this significant legal challenge the required level of attention." Id. at 2. The petitioner reiterates that he has a pending Knight petition and an active state criminal case in state court. Id. The petitioner states that he has written several attorneys asking them to represent him but that only two attorneys have responded, telling the petitioner that they take on only court appointments. Id. at 1.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require.'" Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)).

When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his

7

own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007).

The court usually requires that a petitioner contact at least three attorneys to show that he made a reasonable attempt to secure counsel on his own. The petitioner's motion indicates that the petitioner has contacted six attorneys to represent him in this case. Dkt. No. 5-1 at 1. The petitioner has not provided the court with any of the communications he sent to these attorneys, but he has attached to the motion two letters from attorneys denying the petitioner's requests for representation. Dkt. No. 5-1 at 2-3. The court finds that the petitioner has made a reasonable attempt to secure counsel on his own.

But the interests of justice do not require the court to appoint counsel for at this early stage. Unfortunately, the issues the petitioner identifies—incarceration, an inadequate law library, insufficient time in that library and multiple pending matters—are common to most incarcerated litigants. Almost every incarcerated person who files a lawsuit wants appointed counsel, and there are not enough attorneys willing to accept court appointments to represent everyone who wants one. Thus far, the court finds the petitioner's filings thorough, articulate and easy to follow. The petitioner has shown that he can prepare and file pleadings and motions on his own behalf. He understands what happened in his case and is clear about the relief he requests. The

petitioner's communications with the court show that he is capable of explaining the facts of his case and why he believes that he is being detained illegally.

Nor are the legal or factual issues described in the petition particularly complex. The petitioner has raised a single claim. The facts relating to that claim are easy to understand. The next step in the process will be for the respondent to answer the petition. Then the petitioner will have the opportunity to file a brief explaining in more detail why he believes he is entitled to relief. If there comes a point where the petitioner believes that the litigation has become too complex for the petitioner to handle on his own, he may renew his motion.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to appoint counsel. Dkt. No. 5.

The court **ORDERS** that the petitioner may proceed on the ground stated in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

9

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages, and reply briefs must not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal

10

Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ must inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ must provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 7th day of November, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**