# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN R. DUNAY,

      Petitioner,

v.                                                Case No. 22-CV-543

CHERYL EPLETT,

      Respondent.

## DECISION AND ORDER ON PETITIONER'S MOTION TO STAY AND HOLD CASE IN ABEYANCE

Kevin R. Dunay, who is currently incarcerated at the Oshkosh Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) In his habeas petition, Dunay raises one ground for relief—violation of his right to due process when the trial court denied Dunay's motion to recuse itself. (Docket # 1.) In her Rule 4 Order screening Dunay's habeas petition, Chief Judge Pamela Pepper noted that Dunay could proceed on his due process claim; however, she also indicated that Dunay currently had pending in state court a petition pursuant to *State v. Knight*, 168 Wis. 2d 509 (Wis. 1992) alleging ineffective assistance of appellate counsel. (Docket # 7 at 5.) Judge Pepper advised that because this issue has not been exhausted, and because of the prohibition against filing "second or successive" federal habeas petitions, should Dunay wish to challenge the outcome of his state *Knight* petition, he should ask this Court to stay the proceedings in this case until he has exhausted the claims he raised in the *Knight* petition. (*Id.* at 6.) Dunay has now done so, seeking leave to stay these proceedings and hold his petition in abeyance to allow him to

return to state court to exhaust his claim of ineffective assistance of appellate counsel. (Docket # 18.) The respondent has not filed a response to Dunay's motion to stay.

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The Supreme Court has interpreted the exhaustion requirement as imposing a rule of "total exhaustion," that is, that all claims in the petition must be exhausted before a federal court may rule on the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Ordinarily, a petition containing any unexhausted claims is dismissed. *Id*. However, after Congress imposed a one-year statute of limitations on the filing of federal habeas petitions with the enactment of Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Court held that district courts have discretion to stay such a "mixed petition" and place it in abeyance, rather than dismiss it, in situations where dismissal is likely to terminate any federal review. *See Rhines v. Weber*, 544 U.S. 269, 274–78 (2005).

As an initial matter, it is not clear to me that Dunay properly raises ineffective assistance of appellate counsel as a ground for relief in his habeas petition. While Dunay lists his *Knight* petition in the section for "state post-conviction relief other than direct appeal," he does not raise it in the "grounds for relief" section of his habeas petition. (Docket # 1 at 6.) And the respondent's Answer addresses only the stated ground for relief regarding violation of due process. (Docket # 10.) The petition, however, does indicate that the factual basis for Dunay's *Knight* petition is appellate counsel's alleged failure to raise the issues of merit raised during his post-conviction proceedings during his direct appeal. (Docket # 1 at 6.) And Dunay

2

lists the "result" of this proceeding as "TBD." (*Id.*) Given Dunay's *pro se* status, I find the petition is a proper "mixed" petition subject to stay and abeyance under *Rhines*.

Turning to that analysis, a stay and abeyance is appropriate when there is good cause for the petitioner's failure to exhaust his claim first in state court, the exhausted claim is potentially meritorious, and the petitioner did not engage in intentionally dilatory tactics. *Rhines*, 544 U.S. at 277–78. Although the Supreme Court did not define "good cause" in *Rhines* and has only offered the suggestion that "a petitioner's reasonable confusion about whether a state filing would be timely" would constitute good cause, *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the petitioner is required to offer some reason for his failure to exhaust, *Rhines*, 544 U.S. at 277–78.

Dunay asserts that he filed his *Knight* petition in the Wisconsin Court of Appeals on September 24, 2021, before he filed his habeas petition on May 5, 2022. (Docket # 1 at 17; Docket # 18 at 1.) Dunay states that his one-year habeas statute of limitations expired on May 19, 2022. (Docket # 18 at 2.) Dunay argues that he is concerned, as Judge Pepper stated, that if he proceeds solely on his exhausted due process claim, that he will lose the ability to later challenge the unexhausted ineffective assistance of appellate counsel claim because any subsequent habeas petition may be considered a "second or successive" petition for which he would need the Seventh Circuit Court of Appeals' permission to proceed. (*Id.* at 1.)

Given Dunay's stated explanation for seeking a stay and the respondent's failure to object, I find good cause for staying Dunay's petition and holding it in abeyance pending exhaustion of his *Knight* petition in state court. *Rhines* instructs that district courts should place reasonable time limits on a petitioner's trip to state court and back. 544 U.S. at 278. Dunay has indicated that he already filed the *Knight* petition in state court. (Docket # 18 at 1.) Thus,

3

following the conclusion of his state court proceedings, Dunay must move to reopen this habeas case within thirty (30) days.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that petitioner's motion to stay the habeas proceedings and hold them in abeyance (Docket # 18) is **GRANTED**. This case will be closed for administrative purposes during the stay.

**IT IS FURTHER ORDERED** that following the conclusion of his state court proceedings, petitioner must move to reopen this habeas case within thirty (30) days. Failure to file a motion to reopen in federal court as directed in this order may provide cause for this case to remain closed.

Dated at Milwaukee, Wisconsin this 23rd day of March, 2023.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge