# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

KEVIN R. DUNAY,

      Petitioner,

  v.                               Case No. 22-CV-543

CHERYL EPLETT,

      Respondent.

---

## ORDER ON PETITIONER'S MOTIONS TO CONTINUE STAY

---

Kevin R. Dunay, who is currently incarcerated at the Oshkosh Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Dunay filed a motion to stay and hold his habeas petition in abeyance while he returned to state court to exhaust a claim of ineffective assistance of appellate counsel through a *State v. Knight*, 168 Wis. 2d 509 (Wis. 1992) petition. (Docket # 18.)

On March 23, 2023, I granted Dunay's motion to stay and hold his habeas petition in abeyance. (Docket # 20.) Dunay's case was administratively closed during the stay, and Dunay was instructed to move to reopen this habeas case within thirty days of the conclusion of his state court proceedings or risk this case remaining closed. (*Id.* at 4.) On March 25, 2025, Dunay stated that the Wisconsin Court of Appeals denied his *Knight* petition on October 23, 2024, and the Wisconsin Supreme Court dismissed Dunay's petition for review as untimely on March 6, 2025. (Docket # 22 at 1–2.) Dunay filed a motion for reconsideration asking the court to consider equitable tolling, but the Wisconsin Supreme Court denied his motion for reconsideration on March 26, 2025. (Docket # 24 at 2.)

Dunay states that he is now pursuing a supervisory writ of habeas corpus pursuant to Wis. Stat. § 809.71 in the Wisconsin Supreme Court. (Docket # 24 at 2.) He states that he has raised the issue of ineffective assistance of appellate counsel in the supervisory writ petition. (*Id.*) Dunay asserts that the appellate court refused to address the evidence he presented in his *Knight* petition of judicial bias. (*Id.*) He argues that continuing his federal habeas case would be pointless at this juncture as the supervisory writ petition provides the Wisconsin Supreme Court the opportunity to correct the alleged errors made by the Wisconsin Court of Appeals in both his direct appeal and *Knight* petition. (*Id.* at 3.)

Dunay has filed two motions in this Court (Docket # 22 and Docket # 24) asking to continue the stay while he pursues the supervisory writ. Dunay's requests are granted. Dunay is ordered to move to reopen his habeas petition in this Court within thirty (30) days of the conclusion of his proceedings in the Wisconsin Supreme Court. Once again, failure to file a motion to reopen in federal court as directed in this order may provide cause for this case to remain closed.

**SO ORDERED**.


Dated at Milwaukee, Wisconsin this 29th day of April, 2025.


BY THE COURT


_____
NANCY JOSEPH
United States Magistrate Judge

2