UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**KEVIN R. DUNAY,**

  **Petitioner,**

 v.             **Case No. 22-CV-543**

**CHERYL EPLETT,**

  **Respondent.**

---

**DECISION AND ORDER ON PETITIONER'S SECOND MOTION TO STAY AND HOLD CASE IN ABEYANCE**

---

  Kevin R. Dunay, who is currently incarcerated at the Oshkosh Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Dunay was convicted in Outagamie County Case No. 2015-CF-470 of sexual exploitation of a child, child enticement, causing a child to view sexual activity, and causing a child to expose intimate parts. (*Id.* at 2.) Dunay pled no contest to the charges and was sentenced to 12 years of initial confinement followed by 20 years of extended supervision. (*Id.*) While in the Outagamie County jail, Dunay stated that he would kill the judge and prosecutor once he was released. (Docket # 1-1 at 11.) After Dunay's plea hearing, but prior to his sentencing hearing, the prosecution provided the court with copies of 19 telephone calls Dunay made from jail exhibiting his "vengefulness." (*Id.*) Following his transfer to Dodge Correctional Institution, Dunay continued to make statements regarding his plans to kill the judge upon release from prison. (*Id.* at 12.)

  Dunay filed postconviction motions seeking to withdraw his plea on multiple grounds, including that the trial judge should have recused himself because of the threats. (*Id.*) The trial

judge denied the motion for recusal. Dunay appealed. The Wisconsin Court of Appeals held that Dunay failed to point to any statement or other indication by the trial judge that would suggest "the type of deep-seated antagonism necessary to demonstrate bias or impartiality." (*Id.* at 14.) Dunay sought review with the Wisconsin Supreme Court, but his petition was denied. (Docket # 7 at 5.) Dunay raises this issue as ground one for relief in his federal habeas petition—that he was deprived of his due process right to an impartial court when the court denied the recusal motion. (Docket # 1 at 6.)

Upon screening Dunay's habeas petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, Chief Judge Pamela Pepper noted that Dunay could proceed on his due process claim; however, she also indicated that Dunay currently had pending in state court a petition pursuant to *State v. Knight*, 168 Wis. 2d 509 (Wis. 1992) alleging ineffective assistance of appellate counsel. (Docket # 7 at 5.) Judge Pepper advised that because this issue had not been exhausted, and because of the prohibition against filing "second or successive" federal habeas petitions, should Dunay wish to challenge the outcome of his state *Knight* petition, he should ask this Court to stay the proceedings in this case until he has exhausted the claims he raised in the *Knight* petition. (*Id.* at 6.)

Dunay did so, moving to stay and hold his federal habeas petition in abeyance to address the unexhausted ineffective assistance of appellate counsel claim. (Docket # 18.) Dunay's motion was granted, and the case was stayed on March 23, 2023. (Docket # 20.) Upon Dunay's notification to the Court that his state court proceedings had concluded as to his ineffective assistance of appellate counsel claim, Dunay's habeas case was reopened on September 11, 2025. (Docket # 28.) A briefing schedule was set to address the merits of both

of Dunay's now exhausted claims—violation of due process based on judicial bias and ineffective assistance of appellate counsel. (*Id.*)

In 2018, Dunay was charged in Outagamie County Case No. 2018-CF-868 for threatening the trial judge in his previous case. (Docket # 36 at 4.) A jury trial was held in October 2024 and Dunay was convicted of the charges. During the jury trial, Dunay states that the judge testified that he was afraid to see Dunay in his courtroom and to open correspondence received from him. (*Id.* at 4–5.) Dunay further alleges that the judge provided perjured testimony. (*Id.* at 5.)

Dunay has now filed a second motion to stay and hold his habeas petition in abeyance. (*Id.*) Dunay asserts that he wishes to pursue further post-conviction relief in the Wisconsin circuit court as to his ground one claim regarding judicial recusal and due process. (*Id.*) He argues that new facts and evidence were revealed during his trial in Outagamie County Case No. 2018-CF-868 that impact his ground one claim currently pending before this Court. (*Id.* at 10.)

Dunay admits that his judicial bias claim is fully exhausted. (*Id.* at 10.) He does not seek to add a new claim to his habeas petition. Rather, Dunay seeks to include new record evidence on his judicial bias claim that he asserts was unavailable to the state courts during his initial exhaustion proceedings. (*Id.* at 1.) Dunay acknowledges that pursuant to *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011), federal habeas review is limited to the record that was before the state court at the time the decision was made. (*Id.* at 2.) Thus, Dunay wants to ensure that federal habeas review of his judicial bias claim includes what he contends is "all of the facts and evidence in support of the claim." (*Id.* at 10.)

3

Case 2:22-cv-00543-NJ    Filed 10/14/25    Page 3 of 4    Document 38

Dunay looks to *Rhines v. Weber*, 544 U.S. 269 (2005) in support of his request to again stay his current habeas proceedings and hold them in abeyance while he presents an expanded body of evidence in state court in support of ground one of his federal habeas petition. (Docket # 36 at 9.) *Rhines*, however, speaks to the availability of a stay for so-called "mixed petitions," meaning petitions in which some claims have been exhausted in state court and some have not. *See id.* at 277. *Rhines* speaks to "claims," not evidence. *See, e.g.*, *Carter v. Mitchell*, 829 F.3d 455, 466 (6th Cir. 2016) (rejecting argument that the *Rhines* stay-and-abey mechanism "permits stays for a petitioner to 'exhaust evidence'—in other words, to return to state court to submit additional evidence to buttress claims already exhausted"). Thus, as Dunay does not present a "mixed" petition containing both exhausted and unexhausted claims, his request to stay and hold these habeas proceedings in abeyance is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that petitioner's second motion to stay the habeas proceedings and hold them in abeyance (Docket # 36) is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of October, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge